**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GURJIT KAUR, | No. 08-75086 |
| Petitioner, | Agency No. A079-806-290 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2012**

Before:     LEAVY, PAEZ, and BEA, Circuit Judges.

Gurjit Kaur, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying her motion to reopen removal

proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008), and we deny the petition for review.

The BIA did not abuse its discretion in denying Kaur's motion to reopen as untimely where the motion was filed over four years after the BIA's final decision, *see* 8 C.F.R. § 1003.2(c)(2), and Kaur failed to present sufficient evidence of changed circumstances in India to qualify for an exception to the time limit, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi*, 538 F.3d at 996-97 (requiring movant to produce material evidence that conditions in the country of nationality had changed). Kaur's contention that the BIA failed to adequately explain its reasoning is belied by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (the BIA "does not have to write an exegesis on every contention").

Further, we decline to consider Kaur's contentions regarding the immigration judge's adverse credibility determination because the court previously rejected them in *Kaur v. Mukasey*, No. 04-71978 (9th Cir. Mar. 5, 2008). *See Merritt v. Mackey*, 932 F.2d 1317, 1320 (9th Cir. 1991) (explaining that under the 'law of the case doctrine,' one panel of an appellate court will not reconsider questions which another panel has decided on a prior appeal in the same case).

**PETITION FOR REVIEW DENIED.**

08-75086